IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHANTAVIOUS SMITH, | ) | |
| | ) | |
| PLAINTIFF, | ) | Civil Action File No. |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSAL PROTECTION | ) | |
| SERVICE, LLC D/B/A ALLIED | ) | |
| UNIVERSAL SECURITY SERVICES | ) | |
| ("ALLIED UNIVERSAL") AND | ) | |
| ZOO ATLANTA | ) | |
| | ) | JURY TRIAL DEMANDED |
| DEFENDANTS. | ) | |
| | ) | |
| | ) | |

**COMPLAINT**

Chantavious Smith ("Ms. Smith" or "Plaintiff") files this Complaint against Defendant Universal Protection Service, LLC D/B/A Allied Universal Security Services ("Allied Universal") and Zoo Atlanta ("Zoo Atlanta" or collectively "Joint Employers" or "Defendants"). Plaintiff respectfully shows this Court as follows:

**INTRODUCTION**

1.  This action is for sexual harassment, and retaliation arising under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e, *et seq*. ("Title VII"), and related state-law claims. Plaintiff seeks declaratory and injunctive relief,

1

back pay, front pay, compensatory damages, punitive damages and attorney's fees and costs. Plaintiff further invokes pendant jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under the laws of the State of Georgia for assault, battery, negligent supervision, and negligent retention.

## JURISDICTION AND VENUE

2. Ms. Smith's Title VII claims present federal questions over which the Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f)(3).

3. This Court has pendant jurisdiction over Ms. Smith's claims arising under the laws of the State of Georgia pursuant to 28 U.S.C. § 1367.

4. This Court is an appropriate venue for all of Ms. Smith's claims under 28 U.S.C. § 1391(b) and 42 U.S.C. §2000e-5(f)(3), because all the parties reside within the Northern District of Georgia, and a substantial majority if not all of the events giving rise to Ms. Smith's claims occurred in this judicial district.

## ADMINISTRATIVE PROCEEDINGS

5. Ms. Smith filed a timely charge of sexual harassment and retaliation with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the Charge is attached hereto as Exhibit "A" and is incorporated herein.

6. Ms. Smith received a notice of right to sue from the EEOC within ninety (90) days of filing this Complaint and has complied with all other conditions

precedent to the institution of this lawsuit.  A true and accurate copy of the Notice of Right to Sue is attached hereto as Exhibit "B" and is incorporated herein.

## PARTIES

7. Ms. Smith is female.

8. Ms. Smith is a citizen of the United States.

9. Ms. Smith is a resident of the State of Georgia.

10. Ms. Smith was a joint employee of Joint Employers at all times material to this Complaint.

11. Ms. Smith is a member of a protected class under Title VII.

12. Allied Universal is licensed to do business in Georgia.  This defendant transacts business in the Northern District of Georgia.

13. Allied Universal is subject to this Court's jurisdiction and may be served with process through its registered agent for service of process.

14. ZOO ATLANTA is a corporation licensed to do business in Georgia. ZOO ATLANTA transacts business in the Northern District of Georgia.

15. ZOO ATLANTA is subject to this Court's jurisdiction and may be served with process through its registered agent for service of process.

## STATEMENT OF FACTS

16. Joint Employers are subject to the anti-discrimination and anti-retaliation provisions of Title VII.

17. Joint Employers each individually employ 15+ employees for each working day in each of twenty or more calendar weeks from 2020 through 2021.

18. Collectively Joint Employers employ well over 15 employees for each working day in each of twenty or more calendar weeks throughout 2021.

19. At all times material to this Complaint, Joint Employers had control over both Plaintiff's employment and the terms and conditions thereof.

20. Joint Employers are true joint employers. Upon information and belief, each Defendant had the authority to exercise control over the terms and conditions of Plaintiff's employment, specifically but not limited to Plaintiff's job assignments, hours, pay, benefits, promotional opportunities, and each had the ability to hire and fire Plaintiff.

21. Plaintiff began employment with Allied Universal as a temporary worker.

22. Plaintiff was placed by Allied Universal at Zoo Atlanta to provide security.

23. Plaintiff began working at Zoo Atlanta in August of 2021.

24. Plaintiff was paid $15.00/hr. for her time.

25. Plaintiff worked 7:00 PM to 7:00 AM 3 days a week.

26. Plaintiff's supervisor was John Burnett.

27. At the worksite she was supervised by both Defendants.

28. Unbeknownst to Plaintiff before she started, ZOO ATLANTA's worksite condoned sexual harassment of security guards. For example, men at least in certain areas commonly made crude sexual comments and aggressively pursued sexual relationships with women.

29. Upon information and belief, this pervasive sexual harassment was known to Defendants, and they failed to take corrective action to stop the pervasive sexual harassment.

30. Shortly after Plaintiff started working at the ZOO ATLANTA worksite, she began to be sexually harassed by men, including her supervisor, Mr. Burnette.

31. For example, Mr. Burnette would try to engage Plaintiff in sexual conversations, and flirt with her.

32. Plaintiff feared the harassment and it made her uncomfortable.

33. Plaintiff feared for her safety.

34. This sexual harassment occurred daily, and often multiple times a day. The harassment included staring at Plaintiff, invading Plaintiff's personal space, often trying to talk to Plaintiff, not respecting Plaintiff's requests to be left alone, etc.

35. Plaintiff made complaints to both Defendant Zoo Atlanta, and to Defendant Allied Universal.

36. Despite Plaintiff's complaint, Plaintiff failed to see the Defendants take any action.

37. Instead of investigating the incidents of sexual harassment, or protecting Plaintiff from sexual harassment, Defendants retaliated against Plaintiff by changing her schedule and then terminating Plaintiff.

38. Plaintiff was terminated by the Defendants on November 07, 2021.

39. Following Plaintiff's complaint of sexual harassment, she was not recalled to the ZOO ATLANTA job site and was eventually no longer placed on any jobs by Allied Universal.

40. Neither Joint Employer ever articulated any reason for Plaintiff not receiving further work at ZOO ATLANTA or any other long-term assignment.

41. Plaintiff lost significant pay because of her complaint of sexual harassment.

## COUNT I
## Sexual Harassment in Violation of Title VII

42. Plaintiff incorporates by reference the preceding Paragraphs as if fully restated herein.

43. As a woman, Plaintiff is a member of protected groups.

44. As detailed above, throughout her employment with Joint Employers, Plaintiff was subjected to sexual harassment and a hostile work environment by Joint Employers' employees, and management.

45. All the above conduct by Defendants' employees and management were unwelcome, offensive, intimidating to Plaintiff, and open and obvious in the workplace.

46. Plaintiff complained that the sexually harassing conduct was unwelcome.

47. At all times relevant to this action, Defendants knew or should have known of the sexual harassment endured by Plaintiff and the existence of a sexually harassing work environment and failed to meaningfully remedy the workplace environment to protect Plaintiff.

48. Defendants willfully and wantonly disregarded Plaintiff's rights, were undertaken in bad faith, and constitute unlawful intentional gender and race discrimination in violation of Title VII.

49. As a result of the Defendants' unlawful actions, Plaintiff has suffered emotional distress, inconvenience, loss of income and benefits (past and future), humiliation, and other indignities. Plaintiff seeks all damages available.

## COUNT II
### Retaliation in Violation of Title VII

50. Plaintiff incorporates by reference the preceding paragraphs as if fully restated herein.

51. Plaintiff engaged in protected activities protected under Title VII by making complaints of sexual harassment.

52. As a result of her complaints, Plaintiff suffered adverse employment actions including, but not limited to a change in her schedule and then removal from the ZOO ATLANTA job and ultimately termination.

53. As a direct and proximate result of Defendants' unlawful discriminatory and retaliatory actions, Plaintiff has suffered lost wages and other benefits of employment, significantly diminished employment opportunities, inconvenience, loss of income, and emotional distress, including but not limited to outrage, shock, and humiliation because she exercised her rights under Title VII.

54. Defendants willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination and retaliation against Plaintiff was undertaken in bad faith.

55. As a result, Plaintiff is entitled to both equitable and monetary relief in all forms provided by law.

## COUNT III
### Assault

37. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

38.  Plaintiff's co-workers' behavior constitutes civil assault.

39.  Defendants knew that Plaintiff was likely to be subjected to sexually harassing comments and/or fear of touching's due to the open and obvious nature of Defendants' employee's conduct in the workplace.

40.  Defendants failed to take prompt and appropriate remedial steps to protect Plaintiff from sexual harassment and assault and battery.

41.  Because of Defendants' negligent supervision and retention, Defendants ratified the co-worker's behavior.

42.  Plaintiff suffered damages in the form of lost wages and benefits, significantly diminished employment opportunities, and emotional distress.

## COUNTS IV AND V
### Negligent Retention and Negligent Supervision

43.  Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

44.  At all times material to this Complaint, Defendants owed a legal duty of care toward their employees to exercise reasonable care and prudence in the hiring, supervision, and retention of its employees.

45.  By and through the conduct, actions, and malfeasance cited above, Defendants breached the above-described legal duties of care that it owed to Plaintiff.

46. Defendants knew that Plaintiff was being subjected to sexually harassing comments and harassing conduct because of Plaintiff's repeated complaints of sexual harassment and the open and obvious nature of Defendants' employees' conduct in the workplace.

47. Defendants failed to take prompt and appropriate remedial steps to protect Plaintiff from sexual harassment.

48. Because of Defendants' negligent supervision and retention, Plaintiff suffered damages in the form of lost wages and benefits, significantly diminished employment opportunities, and emotional distress.

**WHEREFORE**, Plaintiff demands an arbitration and the following relief:

(a)   cause process to issue;

(b)   issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated Plaintiff's rights under Title VII and state law;

(c)   grant Plaintiff a permanent injunction enjoining Defendants, their officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy which discriminates against the Plaintiff and others similarly situated because of the exercise of their rights under Title VII or because of their participation in this lawsuit;

10

(d) grant Plaintiff judgment in her favor and against Defendants under all Counts of this Complaint;

(e) order Defendants to make the Plaintiff whole by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendants' unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(f) grant to Plaintiff liquidated damages for Defendants' willful violations of Title VII;

(g) grant to Plaintiff reasonable attorney's fees together with any and all other costs associated with this action as provided by Title VII and state law violations; and

(h) grant Plaintiff all her compensatory and punitive damages, and all other damages available by law.

(i) grant such additional relief as the adjudicating officer(s) deem proper and just.

Respectfully submitted on this 28th day of November 2022.

/s/ J. Stephen Mixon
J. Stephen Mixon
Georgia Bar No. 514050

THE MIXON LAW FIRM
3344 Peachtree Rd N.E., Suite 800
Atlanta, GA, 30026
Phone: 770-955-0100
steve@mixon-law.com